**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4945**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

KEITH LAMONT MONTGOMERY,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  David A. Faber, District Judge.  (2:07-cr-00058)

———————

Submitted:  May 29, 2008              Decided:  June 3, 2008

———————

Before TRAXLER, GREGORY and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Tim C. Carrico, CARRICO LAW OFFICES, PLLC, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Lamont Montgomery appeals his 168-month sentence after pleading guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2008). Montgomery contends the district court erred by failing to consider a downward departure from his criminal history category. Finding no error, we affirm.

Appellate review of a district court's imposition of a sentence is for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The appellate court must first ensure that the district court committed no procedural errors, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C.[A.] § 3553(a) [(West 2000 & Supp. 2008)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall, 128 S. Ct. at 597. A sentencing court's decision not to depart downward is not reviewable on appeal unless the district court's decision resulted from a mistaken belief that it lacked the legal authority to depart. United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008).

In response to the pre-sentence report and the probation officer's recommendation that he be sentenced as a career offender, Montgomery asserted that a variance was warranted based on the 18 U.S.C.A. § 3553(a) factors.  At sentencing, Montgomery conceded the calculation of his Guidelines range was correct, but contended that his classification as a career offender overstated his criminal history and that a sentence within the Guidelines range would be unreasonable.  While the district court considered and denied his request for a variance sentence based on his criminal history, Montgomery claims on appeal that the district court failed to consider whether he was entitled to a downward departure on the same ground, pursuant to U.S. Sentencing Guidelines Manual § 4A1.3(b)(3)(A) (2006).  However, Montgomery's objection to the pre-sentence report noted only that he would request a variance sentence, and during the sentencing hearing, Montgomery never asked the court to consider a downward departure from his criminal history category.  See Fed. R. Crim. P. 32(i)(3)(A) (sentencing court "may accept any undisputed portion of the presentence report as a finding of fact").  Because Montgomery conceded that his Guidelines range was correctly calculated and made no specific request for the district court to consider a downward departure, the district court committed no error in the determination of his sentence.

Accordingly, we affirm Montgomery's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED